Case 3:16-cr-00083-LSC-TFM   Document 238   Filed 11/22/16   Page 1 of 8

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Middle District of Alabama

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| JACINTO TARON ROBINSON | ) | Case Number: 3:16cr83-04-LSC |
| | ) | USM Number: 16762-002 |
| | ) | Laconya Murray |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☑ was found guilty on count(s)   One and Two of the Indictment on August 4, 2016
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2119 and 2 | Carjacking and Aiding and Abetting | 9/4/2014 | 1 |
| 18 USC 924(c)(1)(A)(ii) and 2 | Brandishing a Firearm during a Crime of Violence and Aiding and Abetting | 9/4/2014 | 2 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)       ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/10/2016
Date of Imposition of Judgment

/s/ L. Scott Coogler
Signature of Judge

L. SCOTT COOGLER, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

11/22/2016
Date

Case 3:16-cr-00083-LSC-TFM   Document 238   Filed 11/22/16   Page 2 of 8

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: JACINTO TARON ROBINSON
CASE NUMBER: 3:16cr83-04-LSC

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

180 Months. This sentence consist of 96 months as to count 1 and 84 months as to count 2, to run consecutively to the term imposed on count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to a facility close as possible to Columbus, GA.
The court recommends that the defendant be designated to a facility where intensive drug treatment is available.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at　　　　　　　　　☐ a.m.　☐ p.m.　on　　　　　　　　　.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on　　　　　　　　　.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on　　　　　　　　　to

a　　　　　　　　　, with a certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT: JACINTO TARON ROBINSON
CASE NUMBER: 3:16cr83-04-LSC

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

5 Years. This term consists of 3 years on count 1 and 5 years as to count 2, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)☐
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)
6. ☐ You must participate in an approved program for domestic violence. (check if applicable)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment -Page 4 of 8

DEFENDANT: JACINTO TARON ROBINSON
CASE NUMBER: 3:16cr83-04-LSC

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature                                                                                              Date

AO 245B(Rev. 11/16)
Judgment in a Criminal Case
Sheet 3D — Supervised Release

Case 3:16-cr-00083-LSC-TFM   Document 238   Filed 11/22/16   Page 5 of 8

Judgment--Page 5 of 8

DEFENDANT: JACINTO TARON ROBINSON
CASE NUMBER: 3:16cr83-04-LSC

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a mental health program approved by the United States Probation Office and contribute to the cost of that program based on his ability to pay and the availability of third-party payments.

2. The defendant shall participate in a substance abuse program supervised and approved by the Unites States Probation Office, which may include testing to determine whether he has reverted to the use of drugs and shall contribute to the cost of any treatment based on his ability to pay and the availability of third-party payments.

3. The defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

4. The defendant shall provide the probation office with any requested financial information to assist in the collection of financial obligations ordered, and shall not incur any new lines of credit without the express permission of the probation office, long as there's any amounts that are outstanding.

Case 3:16-cr-00083-LSC-TFM   Document 238   Filed 11/22/16   Page 6 of 8

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
      Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 8

DEFENDANT: JACINTO TARON ROBINSON
CASE NUMBER: 3:16cr83-04-LSC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine | Restitution |
|--------|-----------|------------------|------|-------------|
| TOTALS | $ 200.00  | $                | $    | $ 1,800.00  |

☐ The determination of restitution is deferred until ____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| Jeffrey Michael Allen |       | $1,800.00           |                        |
|               |              |                     |                        |
| TOTALS        | $ 0.00       | $ 1,800.00          |                        |

☐ Restitution amount ordered pursuant to plea agreement  $

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Case 3:16-cr-00083-LSC-TFM   Document 238   Filed 11/22/16   Page 7 of 8

Judgment — Page 7 of 8

DEFENDANT: JACINTO TARON ROBINSON
CASE NUMBER: 3:16cr83-04-LSC

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ 2,000.00   due immediately, balance due

   ☐  not later than                           , or
   ☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal              (e.g., weekly, monthly, quarterly) installments of $             over a period of
              (e.g., months or years), to commence          (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal              (e.g., weekly, monthly, quarterly) installments of $             over a period of
              (e.g., months or years), to commence          (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within          (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

       All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of
       Alabama, 1 Church Street, Montgomery, Alabama 36104. Any balance of restitution remaining at the start of
       supervision shall be paid at a rate not less than $50 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
   and corresponding payee, if appropriate.

   Jacinto Taron Robinson, 3:16cr83-04-LCS, $1,800 total amount, $1,800 joint and several amount, Jeffrey Michael Allen
   - payee
   Stanley Jawan Hinton, 3:16cr83-01-MHT, $1,800 total amount, $1,800 joint and several amount, Jeffrey Michael Allen -
   payee

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 6A — Schedule of Payments

Case 3:16-cr-00083-LSC-TFM   Document 238   Filed 11/22/16   Page 8 of 8

Judgment—Page 8 of 8

DEFENDANT: JACINTO TARON ROBINSON
CASE NUMBER: 3:16cr83-04-LSC

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Tawanda Aeiah Sears, 3:16cr83-02-LSC | $1,800.00 | $1,800.00 | Jeffrey Michael Allen |