IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-cr-83-LSC |
| | ) | |
| JACINTO TARON ROBINSON | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Jacinto Taron Robinson's *Motion for Extension of Time* (Doc. 253, filed December 14, 2016).  The motion was referred to the Magistrate Judge to conduct an evidentiary hearing and develop the record on the issue presented.  The oral referral was later reflected in the written order issued on January 23, 2017.  *See* Doc. 272.  After consideration of the motion and the evidence presented at the hearing on January 19, 2017, it is hereby ORDERED that the reference of the motion is terminated and the motion for an extension to file the notice of appeal is GRANTED.

**I.    PROCEDURAL HISTORY**

On January 19, 2017, the Magistrate Judge convened an evidentiary hearing on the motion to determine whether good cause existed to extend the 14-day time limit to file a notice of appeal in this matter.  A brief discussion on the timeline of this case establishes the need for the Defendant's motion.

On November 10, 2016, the court held its sentencing hearing, denied both motions for variance, and announced orally the sentence to be imposed on Defendant Robinson.  For the purposes of this case, the date of the oral announcement of sentence shall be considered Day 0 minus 12 days for the purposes of the appeal and analysis.  On November 21, 2016, counsel for defendant filed a *Motion for Reconsideration of Sentence*.  *See* Doc. 237.  In the motion,

Defendant requested consideration of the previously orally announced sentence. *Id*. The date of the Motion for Reconsideration shall be considered Day 0 minus 1 day. The next day, the Court entered its official Judgment against defendant Robinson. *See* Doc. 238. This date – November 22, 2016 – is Day 0 for purposes of appeal and analysis. At that time, the Court had not yet ruled upon the Motion for Reconsideration. On December 12, 2016, the Court issued its order denying the Motion for Reconsideration. *See* Doc. 252. On December 14, 2016, which is Day 22 for purposes of appeal and analysis, counsel for defendant Robinson filed the Motion for Extension of Time to File Notice of Appeal along with a Notice of Appeal. *See* Docs. 253-254. Therefore, the Notice of Appeal was thus filed 8 days beyond the 14-day time limit for appeals.

## II. FACTUAL FINDINGS

On the record, Defense Counsel stated that she was under the erroneous impression that her Motion for Reconsideration of Sentence (Doc. 237) tolled the time for a timely appeal inasmuch counsel thought that if the court were to grant the *Motion for Reconsideration of Sentence* (Doc. 237) it would cause the resentencing of her client which would in turn trigger a new 14-day period to file a notice of appeal. Counsel and Defendant Robinson said that immediately after the Court imposed its oral sentence, defendant Robinson told his lawyer unequivocally to file an appeal on his behalf.

## III. Conclusions of Law

Day 0 (November 22, 2016) is the date which triggers the timeline for appealing this case. *See* FED. R. APP. P. 4(b)(1)(A)(i); FED. R. CRIM. P. 45. A timely notice for appeal was thus due *on or before* Day 14 for purposes of appeal and analysis – in this case December 6, 2016. Therefore, it is undisputed that Defendant's Notice of Appeal (Doc. 254) filed on December 14, 2016 was untimely.

Upon a finding of excusable neglect or good cause, Federal Rule of Appellate Procedure 4(b)(4) permits the district court to extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time established by the rule.  In this case, the Court may extend the deadline up to December 22, 2016.  While the Notice of Appeal was filed 8 days beyond the normal 14-day time limit for appeals, the Court credits the statements of defense counsel and defendant Robinson that they always intended to appeal and simply misunderstood that the Motion to Reconsider did not toll the timeline.  Therefore, the Court finds excusable neglect and good cause to grant defendant Robinson the opportunity to appeal and deems timely the Notice of Appeal.

Based on the above, the *Motion for Extension of Time* (Doc. 253) is GRANTED.

**DONE** AND **ORDERED** ON FEBRUARY 17, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

173538