IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA            )
                                    )
    v.                              )    CASE NO. 3:16-cr-83-ECM
                                    )            [WO]
JACINTO TARON ROBINSON              )

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are Defendant Jacinto Taron Robinson's ("Robinson")

*pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and for

appointment of counsel (doc. 347), motion to supplement and amend his motion for sentence

reduction (doc. 356), and another motion for appointment of counsel (doc. 349). Robinson

contends that a sentence reduction is warranted based on his young age when the crimes of

conviction were committed and when his prior convictions occurred. He also argues that the

United States Supreme Court's decision in *Hewitt v. United States*, 606 U.S. 419 (2025),

entitles him to relief. (*See* doc. 356). The Government opposes a sentence reduction. (Doc.

353). Robinson's motions are ripe for resolution. After careful consideration, and for the

following reasons, the Court concludes that Robinson's motion to supplement and amend is

due to be granted, and his remaining motions are due to be denied.

### I.  BACKGROUND

On November 10, 2016, this Court sentenced Robinson to 180 months' imprisonment

after a jury convicted him of one count of carjacking and aiding and abetting, in violation of

18 U.S.C. §§ 2 and 2119; and one count of brandishing a firearm during a crime of violence

and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). (Doc. 238). On

February 8, 2024, the Court granted Robinson's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines and reduced his sentence to 162 months' imprisonment. (Doc. 344). Robinson's current projected release date from the Federal Bureau of Prisons ("BOP") is November 15, 2027. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 11, 2026).

## II. DISCUSSION

### A. Motion for Sentence Reduction and Motion to Supplement

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may reduce a sentence if, after considering the factors found at 18 U.S.C. § 3553(a) to the extent they are applicable, the Court determines that (1) the defendant has exhausted his available administrative remedies, (2) "extraordinary and compelling reasons" warrant a sentence reduction, and (3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Smith*, 177 F.4th 1166, 1168 (11th Cir. June 2, 2026); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] The applicable policy statement is found in U.S.S.G. § 1B1.13. Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the Court determines: (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. 2024) (per curiam).

Commission.'").  As the movant, Robinson bears the burden to establish his eligibility for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Section 1B1.13 of the United States Sentencing Guidelines, as amended in November 2023, defines "extraordinary and compelling reasons" to include:  (1) the defendant's medical circumstances; (2) the defendant's age; (3) family circumstances of the defendant, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"; (4) the defendant was a victim of abuse while in custody; (5) other reasons "similar in gravity to those described in paragraphs (1) through (4)"; and (6) if the defendant received an unusually long sentence and other conditions are satisfied. *Accord Smith*, 177 F.4th at 1168.  If the defendant's "circumstances do not match any of the [§ 1B1.13] categories, then he is ineligible for a reduction." *Bryant*, 996 F.3d at 1254; *see also id.* at 1262 (explaining that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13").

The Government argues that Robinson is not entitled to a sentence reduction because he has not shown extraordinary and compelling reasons under U.S.S.G. § 1B1.13 and because the § 3553(a) factors do not support it.[2]   The Court agrees with the Government.

First, Robinson argues that his youthfulness at the time he committed the underlying offenses and when he obtained his prior convictions constitutes an extraordinary and compelling reason.  He cites Amendment 829 to the United States Sentence Guidelines, in which the United States Sentencing Commission revised U.S.S.G. § 5H1.1, effective November 1, 2024, to provide that a "defendant's youthfulness at the time of the offense or

---

[2] The Government acknowledges that Robinson exhausted his administrative remedies. (Doc. 353 at 3).

prior offenses" may warrant a downward departure.[3]  "However, only amendments listed in § 1B1.10(d) of the United States Sentencing Guidelines are retroactive, and Amendment 829 is not included." *United States v. Doster*, 2025 WL 2616366, at *2 (M.D. Ala. Sept. 10, 2025) (citing U.S.S.G. 1B1.10(d)).[4]  And U.S.S.G. § 1B1.13(c) states that changes in the law, including nonretroactive amendments to the Guidelines, "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).  Therefore, because Amendment 829 was nonretroactive, it does not constitute an extraordinary and compelling reason for a sentence reduction here. *See Smith*, 177 F.4th at 1168 (reaching a similar conclusion); *Doster*, 2025 WL 2616366, at *2 (same).  To the extent Robinson argues that his proffered reasons are "similar in gravity to those described in paragraphs (1) through (4)" of § 1B1.13 (the defendant's medical circumstances, the defendant's age, the family circumstances of the defendant, and the defendant being a victim of abuse while in custody), the Court is not persuaded that his young age when he committed the underlying offense or when he obtained his prior convictions, considered separately or together, are similar in gravity to those circumstances described in paragraphs (1) through (4) of § 1B1.13.

In his motion to supplement and amend, Robinson argues that he is entitled to relief based on the Supreme Court's decision in *Hewitt*.  Specifically, he seeks "lenient sentencing" as a "first time offender of [§] 924(c)." (Doc. 356).  But as explained above, changes in the

---

[3] Pursuant to Amendment 836, effective November 1, 2025, U.S.S.G. § 5H1.1 has been deleted.

[4] Here, and elsewhere in this Opinion, the Court cites nonbinding authority.  While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).  Consequently, although the Court will grant Robinson's motion to supplement and amend to the extent that the Court considered the argument raised therein, *Hewitt* does not help Robinson establish an extraordinary and compelling reason for a sentence reduction.[5]  Therefore, Robinson has not met his burden to show that there are extraordinary and compelling reasons for a sentence reduction, and his motion is due to be denied for this reason alone.

Additionally, the Court finds that the § 3553(a) factors counsel against a sentence reduction.  Robinson's criminal conduct in this case was extremely serious.  He was involved in a carjacking at gunpoint in which he and one of his codefendants stole a car from the victim after his codefendant pointed a gun at the victim's face.  Additionally, despite his relatively young age when he committed the underlying offenses, Robinson had already amassed a lengthy criminal history involving drugs, gun possession, assault, and burglary.  Releasing him at this time would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes, or deter Robinson and others from engaging in criminal conduct.  Thus, for this independent reason, the Court concludes that Robinson has not established his eligibility for a sentence reduction, and his motion is due to be denied.

---

[5] Additionally, the facts of *Hewitt* are materially different from the facts of Robinson's case.  *Hewitt* addressed the First Step Act's elimination of § 924(c)'s previous "recidivism enhancement" which required imposition of an additional 25 years' imprisonment for any "second or subsequent conviction under this subsection," and whether the First Step Act's more lenient penalties apply when "a § 924(c) offender *had* been sentenced as of the [First Step] Act's enactment, but that sentence was subsequently vacated, such that the offender must face a post-[First Step ]Act resentencing." 606 U.S. at 422–23 (emphasis in original).  Robinson did not receive § 924(c)'s previous "recidivism enhancement," nor has Robinson been resentenced after his § 924(c) sentence was vacated.

**B.    Motions for Appointment of Counsel**

Finally, Robinson has not demonstrated entitlement to the appointment of counsel for purposes of his motion for sentence reduction. (*See* docs. 347, 349).  The Eleventh Circuit has held that neither the United States Constitution nor 18 U.S.C. § 3006A(c) provides a right to counsel for a motion pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (per curiam).  In an unpublished opinion, an Eleventh Circuit panel concluded that the district court's decision not to appoint counsel for a § 3582(c)(1) proceeding was not an abuse of discretion or a violation of due process, reasoning that the record did not "indicate any 'interest of justice' that would require representation by counsel in the exercise of the district's court discretionary decision" whether to reduce a sentence. *United States v. Cain*, 827 F. App'x 915, 921–22 (11th Cir. 2020) (per curiam).  So too here. Consequently, Robinson's motions for appointment of counsel are due to be denied.

### III.  CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED as follows:

1.    Robinson's motion to supplement and amend (doc. 356) is GRANTED to the extent that the Court considered the argument therein;

2.    Robinson's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and for appointment of counsel (doc. 347) is DENIED;

3.    Robinson's motion for appointment of counsel (doc. 349) is DENIED.

DONE this 13th day of August, 2026.

/s/ Emily C. Marks

EMILY C. MARKS
UNITED STATES DISTRICT JUDGE